UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

BRANDON C. GLASSMAN,

        Plaintiff,

v.

BOBBIE FRANCE; TINA LOVIK;
MARK BRAUN; MICHELLE DUNCAN,

        Defendants.

Case No. 6:24-cv-00705-MK

ORDER

KASUBHAI, Magistrate Judge.

      Plaintiff, a detainee at the Linn County Jail, files suit under 42 U.S.C. § 1983 and alleges that various Linn County jail officials failed to provide adequate medical care for his serious medical needs in violation of his rights under the Fourteenth Amendment. *See Pierce v. Cty. of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008) (explaining that, under the Fourteenth Amendment's Due Process Clause, pretrial detainees have a right against jail conditions that

1 -   ORDER

"amount to punishment"). Plaintiff's Complaint is deficient in several respects, and he must amend his allegations for this action to proceed.

## DISCUSSION

This Court must dismiss an action initiated by an individual in custody seeking redress from a governmental entity, officer, or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The Court must construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

To state a civil rights claim under § 1983, Plaintiff must allege that 1) a person acting under color of law 2) deprived him of a federal constitutional right. 42 U.S.C. § 1983; *Stein v. Ryan*, 662 F.3d 1114, 1118 (9th Cir. 2011). Plaintiff alleges that Defendants violated his Fourteenth Amendment rights by failing to administer a correct dosage of medication.

An objective standard applies to constitutional claims of inadequate medical care brought under the Fourteenth Amendment. *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018). Under this standard, pretrial detainees must show: "(1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined

2 -    ORDER

[including a decision with respect to medical treatment]; (2) Those conditions put the plaintiff at substantial risk of suffering serious harm; (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries." *Sandoval v. Cty. of San Diego*, 985 F.3d 657, 669 (9th Cir.), *cert. denied*, 142 S. Ct. 711 (2021) (citing *Gordon*, 888 F.3d at 1125). To satisfy the third element, the plaintiff must allege facts showing that the defendant's actions were "objectively unreasonable," which requires a showing of "more than negligence but less than subjective intent – something akin to reckless disregard." *Id.*

Plaintiff does not allege facts that meet these elements. Rather, Plaintiff alleges that jail officials provided him with a lower dosage of medication than he had been given at a previous institution. Defendants informed Plaintiff that he was receiving the same weekly dose of medication, but that the daily dose was adjusted to account for a more frequent administration of medication. *See* Compl. & attachments. These facts implicate negligence and do not allege a violation of Plaintiff's constitutional rights.

I cannot find that amendment would by futile, and Plaintiff may amend his allegations to cure the noted deficiencies. Plaintiff must file an Amended Complaint with a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right, if known; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual caused the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct.

3 -   ORDER

CONCLUSION

Plaintiff's Complaint fails to allege viable claims under § 1983 and his claims are DISMISSED. Within thirty days from the date of this Order, Plaintiff may submit an Amended Complaint curing the deficiencies noted above. Plaintiff is advised that the failure to do so will result in the dismissal of this proceeding, with prejudice.

Plaintiff's Motion for Appointment of Counsel (ECF No. 3) is DENIED with leave to renew at a later stage of the proceedings.

IT IS SO ORDERED.

DATED this 13th day of May 2024.

s/ Mustafa T. Kasubhai  
MUSTAFA T. KASUBHAI (He / Him)  
United States Magistrate Judge